SHELDON BECKER and ELISSA M. BECKER, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Becker v. Commissioner
Docket Nos. 16528-85; 16529-85; 16530-85
United States Tax Court
T.C. Memo 1990-120; 1990 Tax Ct. Memo LEXIS 120; 59 T.C.M. (CCH) 57; T.C.M. (RIA) 90120; March 8, 1990
James T. Burnes, for the petitioners. Florence M. Jones, Arthur A. Oshiro, and Richard G. Stack, for the respondent. WRIGHT
*176 MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: In these consolidated cases, respondent determined the following deficiencies in and additions to petitioners' Federal income tax for taxable year 1980: *177 Addition to Tax Petitioners
Docket No.
Deficiency
Under Sec. 6651(a)(1) [2]
Sheldon and Elissa M.
Becker
16528-85
$ 134,733.40
$ 23,651.35
Leo L. and Gertrude D.
Becker
16529-85
120,356.91
18,143.72
Warren J. and Norma
Becker
16530-85
121,905.00
22,037.75
*121 After concessions by both parties, the issues for decision are: (1) whether petitioners are liable for additions to tax pursuant to section 6651(a)(1) for failure to timely file Federal income tax returns for taxable year 1980; and, if so, (2) whether respondent properly determined the amount of the addition to tax under section 6651(a)(1) for which petitioners are liable. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in California when they filed their petitions. Sheldon Becker, Leo Becker, and Warren Becker (the Becker brothers) were employee-shareholders of Becker Brothers Steel Supply Co., during the year at issue. On April 14, 1981, the Becker brothers retained the Los Angeles office of the accounting firm of Ernst & Whinney to prepare their 1980 Federal individual income tax returns, to prepare 1980 Federal and state income tax returns for Becker Brothers *122 Steel Supply Co., to prepare 1980 Federal partnership tax returns for three partnerships of which petitioners were partners, and to audit and review the combined financial statements of the three partnerships. Sheldon Becker served as liaison to Ernst & Whinney in connection with the preparation of petitioners' 1980 Federal individual income tax returns. Sheldon Becker regularly met and had telephone conferences with representatives of Ernst & Whinney during 1981 regarding the preparation of the 1980 individual income tax returns. He was aware that the returns were due on April 15, 1981. On April 15, 1981, Ernst & Whinney filed applications for automatic extensions of time to file on behalf of the Becker brothers. Further extensions were requested and granted to August 17, 1981, and October 15, 1981. The last extension request on behalf of Sheldon and Elissa Becker was denied on October 26, 1981. The last extension requests on behalf of Leo and Gertrude Becker, as well as Warren and Norma Becker, were denied on October 23, 1981. Sheldon and Elissa Becker filed their 1980 Federal income tax return on March 26, 1982. Leo and Gertrude Becker filed their 1980 Federal income *123 tax return on March 19, 1982. Warren and Norma Becker filed their 1980 Federal income tax return on March 18, 1982. Ernst & Whinney was unable to prepare petitioners' 1980 Federal income tax returns prior to the expiration of the final extensions because petitioners had not provided information necessary to complete the Schedules K-1 for the partnerships. OPINION Liability for Additions to Tax Under Sec. 6651(a)(1)
Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, determined with regard to any extension of time for filing, unless such failure is due to reasonable cause and is not due to willful neglect. The regulations define "reasonable cause" sufficient to excuse the failure to file a return as the exercise of "ordinary business care and prudence." Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Petitioners bear the burden of proving that their failure to timely file returns was (1) due to reasonable cause and (2) not due to willful neglect. , affd. ; Rule 142(a). Petitioners argue that their reliance on Ernst & Whinney to prepare *124 and file their returns is sufficient to establish reasonable cause. The Supreme Court of the United States rejected this argument in . In Boyle the taxpayer, as executor, retained an attorney to prepare and file a Federal estate tax return. The taxpayer provided the attorney with all relevant information and records. From time to time the taxpayer inquired of the attorney as to the preparation of the return and was assured that it would be filed on time. However, due to a clerical oversight the return was filed late. The Supreme Court held that the failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and that such reliance is not reasonable cause for a late filing under section 6651(a)(1). The fact that the taxpayer's agent was expected to attend to the matter, the Supreme Court reasoned, does not relieve the principal of his duty to comply with the statute. The Court distinguished the case where an accountant or attorney advises a taxpayer on a matter of *178 substantive tax law, such as whether the necessity of filing a return exists. Under such circumstances, *125 the Court stated, a taxpayer's reliance on the advice could be sufficient to establish reasonable cause. . In the instant case Ernst & Whinney, who petitioners retained the day before their returns were due, never advised petitioners that they were not required to timely file their Federal individual income tax returns for 1980. At most, Ernst & Whinney may have advised petitioners that, because they were expecting refunds, there would be no adverse consequences to filing late returns. Reliance on such advice is insufficient to establish reasonable cause. Because petitioners have failed to show their failure to timely file their returns was due to reasonable cause, we hold them liable for the addition to tax under section 6651(a)(1). Computation of Addition to Tax Under Section 6651(a)(1)
Section 6651(a)(1) provides that there shall be added to the amount required to be shown as tax on the return 5 percent of the amount of such tax if the failure is not more than one month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the *126 aggregate. Section 6651(b)(1) provides that for purposes of subsection (a)(1), the amount of tax required to be shown on the return shall be reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed on the return. We have reviewed respondent's computation of the additions to tax, in which he has taken account of concessions made by both parties, and find that they were correctly determined. After concessions by both parties, Decisions will be entered under Rule 155. Footnotes
1. Cases of the following petitioners are consolidated herewith: Leo L. Becker and Gertrude D. Becker, docket No. 16529-85; Warren J. Becker and Norma Becker, docket No. 16530-85.↩
2. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩